UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EZEKIAL JOHNSON, JR.,
    Plaintiff,

v.

OCEAN SPRAY CRANBERRIES,
INC.; NANCY COSTA; and MARC
POLITO in their individual and official
capacities,
    Defendants.

C.A. No. 20-001-JJM-LDA

ORDER

Plaintiff Ezekial Johnson, Jr. filed a complaint *pro se* against Defendants Ocean Spray Cranberries, Inc., Nancy Costa, and Marc Polito ("Defendants"), alleging discrimination, retaliation, and wrongful termination arising from his employment in violation of Title VII of the Civil Rights Act of 1964. Defendants move to dismiss the complaint on several grounds. ECF No. 9.

I.    FACTS AND BACKGROUND

Mr. Johnson, an African-American man, alleges that he was harassed and discriminated against based on his race from the beginning of his employment at Ocean Spray Cranberries, Inc. in April 2016 until his termination in February 2017. He alleges in his complaint that in April 2016 his supervisor Cir Crosbie, a white male, yelled at and belittled him on the floor because he was not doing his job correctly. ECF No. 1 at 7. When he tried to defend himself, Mr. Crosbie turned his back and walked away, leaving Mr. Johnson feeling disrespected and less than

human. *Id.* He applied for a forklift operator position a couple of weeks later and was given the job. *Id.* In June 2016, Mr. Johnson was suspended for one day for allowing an optical sorting machine he was working on to get clogged. *Id.* at 8. He alleges that this punishment was harsh for a first offence and a white employee who did the same thing a week prior was only given a verbal warning. *Id.* In August 2016, Mr. Johnson's supervisor told him that a white female coworker reported that he had a forklift accident and failed to report it. *Id.* at 9. Mr. Johnson alleges that he never hit a pallet with his forklift and the proof is that his forklift would have shut down upon impact and a supervisor would have had to be called to restart the machine using a special key. *Id.* Nevertheless, he was suspended for three days and told that another infraction would result in termination. *Id.*

The next month, Mr. Johnson was told by another employee that a white female coworker referred to him using a racial slur. *Id.* at 10-11. He reported this comment to Ms. Costa who undertook a four-week investigation after which Ocean Spray concluded that the comment was never made. *Id.* Mr. Johnson alleges that the investigation was biased because the individual who told him about the comment showed him an email he sent to Human Resources reporting the use of the racial slur. *Id.* Later that month, Mr. Johnson's name was crossed off the overtime list. *Id.* at 12.

Mr. Johnson alleges that things were getting better in October 2016, until he was charged with several infractions. He denied any involvement but was given a three-day suspension. Ocean Spray Cranberries did not require him to serve the suspension, but instead he had to go to counseling. *Id.* at 14. In November 2016,

2

Mr. Johnson reported an incident where a white female employee pulled a long hose and let it snap back in front of him, seriously endangering his safety. *Id.* at 13. No action was taken against her. *Id.* Ms. Costa rejected a doctors' note excusing him from work when he took time after his daughter was born with a liver disorder; he did get another note that she accepted. *Id.* at 15. In February 2017, Mr. Johnson was terminated for not being in his work area as was required. *Id.* at 16. He filed a grievance with his Union and disciplinary claim with the Massachusetts Commission Against Discrimination ("MCAD"), both of which were denied. *Id.* at 16. Mr. Johnson then filed this lawsuit, which Defendants now move to dismiss. ECF No. 9.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A *pro se* complaint is held to a less stringent standard that one drafted by an attorney and the Court should read it liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"The plausibility inquiry necessitates a two-step pavane." *García-Catalán*, 734 F.3d at 103. "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

Mr. Johnson has sued Ocean Spray and also Ms. Costa and Mr. Polito under Title VII. The individuals first argue that they should be dismissed because Title VII does not allow for individual liability. The Court agrees.

"The statutory scheme [of Title VII] itself indicates that Congress did not intend to impose individual liability on employees." *Fantini v. Salem State Coll.*, 557 F.3d 22, 30 (1st Cir. 2009) (*citing Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)). "For said reason, we find that 'Title VII addresses the conduct of employers only and does not impose liability on co-workers....'" *Fantini*, 557 F.3d at 31 (quoting *Powell v. Yellow Book U.S.A., Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006)). Thus, because there is no individual employee liability under Title VII, Ms. Costa and Mr. Polito are dismissed from this suit.

A.  Title VII—Hostile Work Environment

Title VII makes it unlawful for an employer to discriminate against or classify an individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1)(2). It is also unlawful under Title VII for an employer to retaliate against an employee because the employee "has opposed any practice made an unlawful practice" by Title VII or because the employee has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e–3(a).

Moving on to Mr. Johnson's Title VII claim against Ocean Spray and reading his complaint liberally, he alleges hostile work environment theory race discrimination and retaliation, claiming he was wrongfully terminated for exercising his rights in the workplace. To plead a hostile work environment existed because of his race, Mr. Johnson must plausibly allege a prima facie case asserting that 1) he is a member of a protected class; 2) he was subjected to unwelcome harassment; 3) the harassment was based on his race; 4) the harassment was so severe or pervasive that it altered the conditions of his employment and created an abusive work environment; 5) the conduct was objectively and subjectively offensive such that a reasonable person would find it hostile and Mr. Johnson did perceive it to be so; and 6) some basis for employer liability has been established. *O'Rourke v. City of Providence*, 235 F.3d 713, 728 (1st Cir. 2001). "[A]t the pleadings stage, the plaintiff must outline specific facts, which if proven would entitle him to relief." *Ortiz v. Fed. Bureau of*

5

*Prisons*, 290 F. Supp. 3d 96, 103 (D. Mass. 2017) (quotation marks and citation omitted).

Mr. Johnson makes several allegations of events between April 2016 and February 2017 in support of his hostile work environment claim that, if proven, could entitle him to relief. He alleges being treated disrespectfully by his white male supervisor, being subject to different disciplinary actions than similar white co-workers, both male and female, a coworker told him that a white female coworker referred to him using a racial slur, an unknown person crossed his name off the overtime list, he was charged with several infractions that he says he did not commit, was put in physical danger by a female coworker, and was ultimately terminated for something he alleges he did not do. ECF No. 1 at 7-16. At this stage, a "plaintiff must allege a series of facts which at the very least gives rise to an inference of discriminatory animus." *Johnson v. General Elec.*, 840 F.2d 132, 138 (1st Cir. 1988) *abrogated on other grounds by Clockedile v. N.H. Dep't. of Corr.*, 245 F.3d 1 (1st Cir. 2001). Taking these allegations as true, Mr. Johnson has cleared this low hurdle; he has plausibly pleaded that he endured a hostile work environment because of his race.

Moving on to his retaliation claim, a successfully pleaded prima facie case requires Mr. Johnson to allege that "(1) he ... engaged in protected activity under Title VII, (2) he ... suffered an adverse employment action, and (3) the adverse employment action was causally connected to the protected activity." *Collazo v. Bristol–Myers Squibb Mfg., Inc.*, 617 F.3d 39, 46 (1st Cir. 2010). He "need not show

6

that the conditions he ... opposed actually amounted to a violation of Title VII." *Id.* at 48 (internal punctuation and citation omitted). Instead, the plaintiff "must demonstrate only that he ... had a good faith reasonable belief that the underlying challenged actions were unlawful." *Id.*

Ocean Spray argues in its motion to dismiss that Mr. Johnson's complaint fails to allege a causal connection between his protected conduct and his termination.[1] The Court agrees. Mr. Johnson alleges that he told Ms. Costa in September that he intended to file a claim about the racial slur with the MCAD. ECF No. 1 at 10. He ultimately filed the MCAD complaint in October 2016. Mr. Johnson alleges in his complaint that his situation at Ocean Spray improved during the month that he made the complaint. He does not allege that he was terminated in retaliation for engaging in protected activity. *Randlett v. Shalala*, 118 F.3d 857, 862 (1st Cir. 1997). He was charged with a final infraction and terminated in February 2017 and, while he disputes that he did anything wrong, he acknowledges that Ocean Spray told him that he would be terminated if charged with another infraction. Because Mr. Johnson has failed to allege a causal connection between his protected activity and his termination, his retaliation claim fails.

---

[1] He also raises two incidents that he alleges occurred between October 2016 and February 2017: the hose-snapping accident and the rejection of his doctors' note justifying his absence when his daughter was sick. He does not allege that either incident relates to his protected conduct.

IV.   CONCLUSION

For the reasons set forth in this decision, the Court GRANTS Ocean Spray's Motion to Dismiss Mr. Johnson's retaliation claim, GRANTS the Motion to Dismiss NANCY COSTA and MARC POLITO as Defendants, and DENIES its Motion to Dismiss the Title VII hostile work environment claim.[2]  ECF No. 9.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

August 17, 2020

---

[2] Ocean Spray raises the specter that Mr. Johnson also brings a *Bivens* or § 1983 claim.  Mr. Johnson denies bringing these claims, so those arguments are moot.

8